Filed 5/19/16  Tenet HealthSystem Desert v. Blue Cross of CA CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| TENET HEALTHSYSTEM DESERT, INC., | |
| Plaintiff and Appellant, | E062425 |
| v. | (Super.Ct.No. INC1304739) |
| BLUE CROSS OF CALIFORNIA et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  John G. Evans, judge.
Reversed with directions.

Helton Law Group, Carrie McLain and Kim Worobec for Plaintiff and Appellant.

Morgan, Lewis and Bockius, Lisa Veasman and Molly Moriarty Lane for

Defendants and Respondents.

Plaintiff Tenet HealthSystem Desert, Inc. appeals from the judgment entered in

favor of defendants Blue Cross of California et al. after the court sustained demurrers to

the third amended complaint without leave to amend.  The judgment reflected the trial

1

court's determination that the third amended complaint failed to allege facts to support its causes of action against defendants. The complaint sought damages arising from defendants' alleged misrepresentations relating to whether medical services provided by plaintiff to a patient were covered under the patient's health insurance plan. Defendants provided the utilization management services regarding the patient's health insurance.

The parties reached a settlement after filing of the record on appeal, but before the briefs had been filed. They submitted their stipulation after the settlement agreement had been executed. The request filed on February 5, 2016, requests this court to reverse the underlying judgment and remand to the superior court with directions to dismiss the action as to defendants with prejudice. The stay order filed in this appeal on July 31, 2015, is hereby lifted.

Assuming the necessary findings for accepting a stipulation to reverse (Code Civ. Proc., § 128, subd. (a)(8)—hereafter § 128(a)(8)), which we discuss below, we have the grounds to render this disposition because of the settlement by the parties. The settlement has rendered the superior court action moot, making dismissal by the superior court the appropriate disposition of that action. (*Paul* v. *Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134-135.) Reversal vacates the judgment and restores jurisdiction to the trial court so that it may dismiss the action. The reversal of the judgment does not indicate a ruling by the appellate court on the merits of the order, but does avoid any implication that the judgment remains in effect. (*Ibid.*)

Having discussed the character of the proposed stipulated reversal, we reach the critical issue. Do we have the authority to dispose of this case by a stipulated reversal of this character? We find that we do.

Under § 128(a)(8), implementation of a stipulated reversal requires the appellate court to make two findings: (1) that no reasonable possibility exists of adversely affecting the interests of nonparties or the public (§ 128(a)(8)(A)); and (2) that the parties' reasons for requesting reversal outweigh (a) the erosion of public trust that may result from reversing the judgment and (b) the reduced incentive to settle pretrial that may result from the availability of post judgment stipulated reversal (§ 128(a)(8)(B)).[1] The second finding involves two factors, resulting in a discussion of three factors in the making of the two findings: (1) nonparty or public adverse effect, (2) public trust erosion, and (3) reduced pretrial settlement incentive.

This case involves the trial court's finding that insufficient facts were alleged in this particular complaint. It concerned whether services provided by plaintiff should be covered, and the court made no public policy determinations in its ruling. We find no

---

[1] Code of Civil Procedure section 128, subdivision (a)(8) provides in full: "An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."

reasonable possibility that the stipulated reversal will adversely affect the interests of nonparties or the public. (§ 128(a)(8)(A).)

Making the second finding required by § 128(a)(8) entails balancing of (a) the erosion of public trust that may result from reversing the judgment and (b) the reduced incentive to settle pretrial that may result against the reasons for the parties agreeing to a stipulated reversal. Here the motivation for settlement includes a desire to end several years of court proceedings and avoid the expense of filing briefs on appeal. Thus, the motivations for a stipulated reversal in this case appear honorable, and the settlement would conserve court resources.

Little potential for erosion of public trust exists in this case because of the reasonable and good faith character of the appeal and the potential issues to be raised, i.e., whether the trial court erred in determining insufficient facts were alleged in the complaint that concerned payment to plaintiff for services rendered to one patient. There were no findings in this case of misdeeds or professional misconduct, nor does the case involve the interests of any government body or regulatory agency that would invoke the public's interest. (Contra, *Muccianti v. Willow Creek Care Center* (2003) 108 Cal.App.4th 13, 22 [stipulated reversal would expunge long term care facility's misdeeds against elderly patients from public record]; *Hardisty v. Hinton & Alfert* (2004) 124 Cal.App.4th 999, 1011-1012 [stipulated reversal would allow attorneys to avoid potential professional discipline].) We additionally note that this stipulated reversal makes clear that the reversal does not imply a ruling that the judgment was reversibly erroneous, but rather that the settlement has rendered the dispute moot and that the reversal serves only

to vacate the judgment so that the trial court may dismiss the underlying action as moot. We find that the motivations of the parties for stipulating to reverse outweigh the negligible risk that public trust would be eroded. (§ 128 (a)(8)(B).)

The third and final factor for consideration is the extent to which the availability of a post judgment stipulated reversal reduced the incentive in this case to a pretrial settlement, which factor is also to be weighed against the parties' reasons for stipulating to the reversal. Because the plaintiff could have reasonably believed that it would have prevailed at trial, there was little incentive in this case to settle before trial. Thus, the possibility of stipulating to a reversal on appeal likely did not occur to plaintiff prior to trial and, thus, did not likely act as a disincentive to pretrial settlement. We find that the parties' reasons for stipulating to this reversal outweigh the unlikely disincentive of a stipulated reversal to pretrial settlement. (§ 128 (a)(8)(B).)

## DISPOSITION

Pursuant to the stipulation of the parties, the judgment is reversed. This reversal of the judgment does not indicate a ruling on the merits of the judgment, but serves only to vacate the judgment and restore jurisdiction to the trial court so that it may dismiss the action. The trial court is directed to dismiss the action as to defendants as moot due to the parties' settlement. In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3).) Because the parties stipulated to the

5

immediate issuance of the remittitur, the clerk of this court is directed to issue the remittitur forthwith.  (Cal. Rules of Court, rule8.272(c)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.